UNPUBLISHED

# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

DOROTHY M. HOWARD, Widow of
Alfred Howard,

*Petitioner,*

v.

VALLEY CAMP COAL COMPANY;
DIRECTOR, OFFICE OF WORKERS'
COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR,

*Respondents.*

No. 03-1706

On Petition for Review of an Order
of the Benefits Review Board.
(02-490-BLA)

Argued: February 26, 2004

Decided: April 14, 2004

Before LUTTIG, WILLIAMS and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

**ARGUED:** Thomas McKennan Hazlett, KINDER, HARPER &
HAZLETT, St. Clairsville, Ohio, for Petitioner. Douglas Allan
Smoot, JACKSON KELLY, P.L.L.C., Charleston, West Virginia, for
Respondents. **ON BRIEF:** Kathy L. Snyder, JACKSON KELLY,
P.L.L.C., Morgantown, West Virginia, for Valley Camp Coal Company.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Following the death of her husband Alfred Howard (Howard), a retired coal miner, petitioner Dorothy Howard filed a survivor's claim against respondent Valley Camp Coal Company (Valley Camp), Howard's former employer, for benefits under the Black Lung Benefits Act, 30 U.S.C. § 901 *et seq.*, alleging that pneumoconiosis stemming from Howard's employment as a coal miner was a substantially contributing cause of Howard's death. After the district director denied petitioner's claim, she requested a formal hearing before an Administrative Law Judge (ALJ). In July 2000, the ALJ issued a decision awarding benefits. After the Benefits Review Board (Board) in August 2001 vacated and remanded the case to the ALJ for further proceedings, however, the ALJ issued a decision in March 2002 denying benefits. The Board affirmed this denial of benefits in April 2003, and petitioner now appeals. Applying a *de novo* standard of review to the legal conclusions of the Board and the ALJ, and independently reviewing the record to determine whether the ALJ's findings of fact are supported by substantial evidence, *see Consolidation Coal Co.* v. *Held*, 314 F.3d 184, 186 (4th Cir. 2003), we affirm.

I.

Petitioner argues first that the Board erred in holding that collateral estoppel, based on a successful claim for disability benefits brought by Howard before his demise, did not prevent Valley Camp from litigating the issue of whether Howard suffered from pneumoconiosis. Under this court's precedents, to preclude Valley Camp from litigating that issue, petitioner needed to prove that an identical issue was actually litigated in a prior proceeding, that determination of this issue was a critical and necessary part of the judgment in this prior proceeding, that the prior judgment is final and valid, and that Valley Camp had a full and fair opportunity to litigate the issue in the prior pro-

ceeding. *See Sedlack* v. *Braswell Services Group*, 134 F.3d 219 (4th Cir. 1998) (emphases added).

After finding that the determination of whether Howard suffered from pneumoconiosis was a critical and necessary part of the valid and final judgment awarding benefits in Howard's prior claim, and that Valley Camp had full and fair opportunity to litigate the issue of Howard's pneumoconiosis during the prior proceedings, the ALJ initially held Valley Camp collaterally estopped from relitigating this issue during petitioner's survivor's claim. J.A. 9. The Board reversed this holding, however, reasoning as follows:

> At the time of . . . the miner's claim, evidence sufficient to establish pneumoconiosis under one of the four methods set out at 20 C.F.R. section 718.202(a)(1)-(4) obviated the need to do so under any of the other methods. *See Dixon* v. *North Camp Coal Co.*, 8 BLR 1-344 (1985). However, subsequent to the issuance of the award of benefits in the miner's claim, the Fourth Circuit held that although Section 718.202(a) enumerates four distinct methods of establishing pneumoconiosis, all types of relevant evidence must be weighed together to determine whether a miner suffers from the disease. *See Island Creek Coal Co.* v. *Compton*, 211 F.3d 203 (4th Cir. 2003) . . . In light of the change in law enunciated in *Compton*, which overruled the Board's holding in *Dixon*, the issue of whether the existence of pneumoconiosis has been established pursuant to Section 718.202(a) . . . is not identical to the one previously litigated and actually determined in the miner's claim.

J.A. 18. Thus, the Board held that the requirement of identicality of issues was not satisfied, because the intervening "change in law," introduced by our decision in *Compton*, made the issue of Howard's pneumoconiosis, as determined in the live miner's claim, *substantively* nonidentical to the issue of Howard's pneumoconiosis as it would be determined in petitioner's survivor's claim.

Contrary to petitioner's arguments, the Board did not err in reaching this holding. Rather, the Board correctly recognized that an intervening change in law may be significant enough to justify denying

preclusive effect to a determination made before the change. *See Comm'r* v. *Sunnen*, 333 U.S. 591, 599 (1948) ("[A] judicial declaration intervening between . . . two proceedings may so change the legal atmosphere as to render the rule of collateral estoppel inapplicable."). And the Board also correctly determined that the change in interpretation of the regulations for proving pneumoconiosis, which was effected by this court's decision in *Compton*, was sufficiently significant to warrant refusal to apply issue preclusion based on a determination of pneumoconiosis made under the pre-*Compton* regime.

## II.

Petitioner next asserts that the ALJ erred in excluding certain disputed exhibits. These exhibits, which were created prior to the commencement of petitioner's claim and which petitioner admittedly did not exchange with Valley Camp at least twenty days prior to the hearing before the ALJ, were not submitted to the district director before petitioner requested a hearing with the ALJ.[1]

At the time of the hearing before the ALJ, the regulations relevant to admission of evidence stated, in pertinent part, as follows:

(b)(1) [D]ocumentary material, including medical reports, which was not submitted to the [district director], may be received in evidence subject to the objection of any party, if such evidence is sent to all other parties *at least 20 days before a hearing* is held in connection with the claim.

(2) Documentary evidence, which is not exchanged with the parties in accordance with this paragraph, may be admitted at the hearing with the written consent of the parties or on the record at the hearing, *or upon a showing of good*

---

[1]The disputed evidence consists of seven exhibits, including a report of the findings of the West Virginia Occupational Pneumoconiosis Board dated July 9, 1991, a transcript of testimony of members of the Occupational Pneumoconiosis Medical Board dated June 19, 1996, three separate medical reports prepared by various physicians in 1990, 1993, and 1998, the curriculum vitae of one of those physicians, and a death summary prepared by a physician after Howard's death.

*cause* why such evidence was not exchanged in accordance with this paragraph. If documentary evidence is not exchanged in accordance with paragraph (b)(1) of this section and the parties do not waive the 20-day requirement or good cause is not shown, the administrative law judge shall either exclude the late evidence from the record or remand the claim to the [district director] for consideration of such evidence.

. . .

(d) Documentary evidence which is obtained by any party during the time a claim is pending before the deputy commissioner, and which is withheld by such party until the claim is forwarded to the Office of Administrative Law Judges, shall, notwithstanding paragraph (b) of this section, not be admitted into the hearing record in the absence of *extraordinary circumstances*, unless such admission is requested by any other party to the claim . . .

20 C.F.R. § 725.456 (2000) (emphases added).**[2]**

Despite petitioner's failure to exchange the documents with Valley Camp at least twenty days prior to the hearing, the ALJ initially admitted the disputed exhibits over Valley Camp's objection. After the Board reversed this ruling and remanded for findings of whether extraordinary circumstances or good cause had been shown, however, *see* J.A. 16-17, the ALJ excluded the exhibits under section 725.456(d), reasoning that they had all been "in existence at the time the instant claim was pending before the district director," but that "[t]here [were] no extraordinary circumstances which justify why these documents were not submitted to the district director." J.A. 25.

---

[2]Because the hearing before the ALJ took place on March 22, 2000, the cited version of § 725.456, from the 2000 edition of the Code of Federal Regulations, was applicable at the time and remains applicable to petitioner's claim even now. While § 725.456 was then amended by the Department of Labor effective January 19, 2001, the amended version of § 725.456 was not made retroactive to claims, like the petitioner's, which were already pending at the time of the amendment. *See* 20 C.F.R. § 725.2 (2003); 20 C.F.R. § 725.456 (2003).

The Board having affirmed the ALJ's decision on remand to exclude the disputed exhibits, petitioner argues that such exclusion constituted reversible error. Petitioner's primary contention is that the ALJ applied the "extraordinary circumstances" standard of section 725.456(d) to exclude the exhibits based only on a finding that the disputed exhibits were "in existence" at the time of the proceedings before the district director, but application of the "extraordinary circumstances" standard requires a finding that the exhibits had been "obtained" by petitioner during that time. *See* Petitioner's Br. at 13.

In fact, petitioner is correct that a finding that documents were "in existence" during the proceedings before the district director does not equate to a finding that petitioner had herself "obtained" these documents at that time. The ALJ was thus in error to apply the "extraordinary circumstances" standard of section 725.456(d) based only on his finding that the documents were "in existence," without making a further finding that petitioner had indeed "obtained" the documents during the pendency of the proceedings before the district director.

Notwithstanding this error, we affirm the ALJ's decision to exclude the disputed exhibits. Although the "extraordinary circumstances" standard of section 725.456(d) was inapplicable, petitioner still needed to show "good cause" under section 725.456(b) in order to make the exhibits part of the record before the ALJ, given petitioner's admitted failure to exchange the exhibits with Valley Camp at least twenty days prior to the hearing and Valley Camp's objection to the introduction of the exhibits. The record, however, is devoid of any evidence that "good cause" excused petitioner's failure to exchange the documents with Valley Camp at least twenty days prior to the hearing before the ALJ. Most importantly, counsel for petitioner contended before the ALJ not that he lacked access to the exhibits before some time within the twenty days prior to the hearing, or that other special circumstances existed which precluded him from exchanging the exhibits with Valley Camp in a timely fashion, but only that he "wasn't aware that [he] had them," and "wasn't aware that they weren't already in the record." J.A. 389.

As a matter of law, this explanation, which was tantamount to an admission of inattentiveness, was insufficient to establish "good cause" for failing to meet the deadline for exchange of documents not

made a part of the record before the district director. Accordingly, section 725.456(b)(2) would have required the ALJ either to "exclude the late evidence from the record or remand the claim to the [district director]." Given the lack of any excuse for failing to exchange the exhibits within the specified time frame, the apparent overlap between the excluded exhibits and many other exhibits petitioner had already introduced into the record, and the recognition that remand to the district director would necessarily entail further delay and expense, we further hold that a remand from the ALJ to the district director under the circumstances would have been unwarranted, and thus decline ourselves to remand the matter to the ALJ for further proceedings.

III.

Finally, petitioner asserts that the ALJ erred in finding on remand that Howard did not in fact suffer from pneumoconiosis. We reject this argument. Our review of the record and of the ALJ's opinion on remand, after the ALJ's initial decision to preclude Valley Camp from contesting the issue of whether Howard suffered from pneumoconiosis was reversed by the Board, *see supra* at 2-4, shows that the ALJ reviewed the conflicting views formed by various medical professionals about Howard's condition and reached a reasoned conclusion, supported by substantial evidence in the record, that the miner did not suffer from pneumoconiosis. *See* J.A. 25-26.[3]

IV.

For the foregoing reasons, we affirm the Board's order denying petitioner's claim.

*AFFIRMED*

---

[3]Because we find that the ALJ did not err in holding on remand that Howard had not suffered from pneumoconiosis at all, we necessarily reject petitioner's argument that the ALJ erred in holding that pneumoconiosis was not a substantially contributing cause or factor leading to Howard's death.